UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
AVANTI ENTERPRISES, INC.,

                         Plaintiff,

                -against-

A&T PRODUCE, INC., ENVER SABANOVIC,
and TAIP SABANOVIC,

                         Defendants.
-----------------------------------------------------------------X

REPORT &
RECOMMENDATION
CV-09-1185 (NGG)

GOLD, S., *United States Magistrate Judge*:

## Introduction

Plaintiff brings this action pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a *et seq.*, alleging that defendants failed to pay for certain produce that plaintiff shipped to defendant A&T Produce, Inc. ("A&T"). The complaint names the corporate defendant A&T as well as two individuals, Enver Sabanovic ("Enver") and Taip Sabanovic ("Taip"), alleged to be principal officers, directors and shareholders of A&T. Upon plaintiff's application and in light of the defendants' failure to appear in or otherwise defend this action, the Clerk of the Court noted the default of the defendants. Docket Entry 8. The Honorable Nicholas G. Garaufis has referred plaintiff's motion for default judgment to me to report and recommend on the amount of damages, if any, to be awarded.

## Discussion

A.     Service of Process on A&T

Even after entry of default, a court retains discretion over whether to grant a final default judgment. *Palmieri v. Town of Babylon*, 277 Fed. Appx. 72, 74 (2d Cir. 2008) (summary order); *Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999); *Acceptance Ins. Co. v. Home Med. of Am., Inc.*, 2005 WL 3471780, at *2 (S.D.N.Y. Dec. 20, 2005). A court may

appropriately review the adequacy of service before entering a default judgment. *Palmieri*, 277 Fed. Appx. at 74; *Kucher v. Alternative Treatment Ctr. of Paterson*, *LLC*, 2009 WL 1044626, at *4 (E.D.N.Y. Mar. 27, 2009); *Forsberg v. Always Consulting, Inc.*, 2008 WL 5449003, at *17-18 (S.D.N.Y. Dec. 31, 2008); *Thomas v. Dunkin Donuts, Inc.*, 2008 WL 842431, at *2 (E.D.N.Y. Mar. 28, 2008); *Acceptance Ins. Co.*, 2005 WL 3471780, at *2.

Federal Rule of Civil Procedure 4 provides that a corporation may be served either by (1) delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process, or (2) pursuant to the law of the state in which the district court is located or where service is made. FED. R. CIV. P. 4(h)(1) & (e)(1). Here, service could validly be effected under either New York law, where the district court is located, or New Jersey law, where, according to the complaint, A&T's principal place of business is located and where the attempted service at issue was made. The laws in New York and New Jersey are substantively the same as the federal rule for the purposes at issue in this case. *See* N.Y. CPLR § 311(a)(1); N.J. CT. R. 4:4-4(a)(6).

In support of its motion for default judgment, plaintiff provided three executed summonses demonstrating service on A&T and the two individual defendants. The first indicates that service for the corporate defendant was made upon "Ibrahim Sabanovic" at a location that does not appear to be the corporate defendant's place of business.[1] *See* Docket Entry 7-3. Moreover, the summons does not indicate any basis for concluding that Ibrahim was

---

[1] The complaint indicates that the address of the defendant corporation is 5 Lawrence Street, Building 21, Bloomfield, New Jersey. Compl. ¶ 4. In addition, the invoices submitted by plaintiff for produce shipped to A&T also contain the 5 Lawrence Street address. Docket Entry 7-7. The executed summonses, however, indicate that service was made upon A&T at 88 Baltimore Avenue, North Arlington, New Jersey. Docket Entry 7-3. Plaintiff has not explained why it attempted to serve A&T at that address.

authorized to accept service on behalf of the corporate defendant. Rather, the summons states only that Ibrahim was a "competent household member over 14 years of age residing therein." Indeed, although the pre-printed summons form has separate places to indicate the person served is an "officer," a "managing or general agent [or] partner," a "registered agent," an "agent authorized to accept," or a "director [or] trustee," none of these descriptions were checked by the process server.

By Order dated December 29, 2009, I requested additional details concerning plaintiff's service on the corporate defendant. Docket Entry 10. On January 19, 2010, plaintiff submitted a letter in response to my Order stating that service upon "Evanca Sabanovic" – who accepted service on behalf of the two individual defendants – constituted proper service upon the *corporation* because it was "intended to give the corporation fair notice of the pending lawsuit." Pl. Ltr. dated 1/19/10, Docket Entry 15.[2] Plaintiff's letter does not even mention service upon Ibrahim – who, as indicated above, is the individual who was served with the summons for the corporation – or argue that such service constituted proper service upon the corporation. Moreover, there is no indication on the summonses for the individual defendants that Evanca was authorized to accept service on behalf of the corporation.

In further support of its assertion that fair notice was given to the corporation by service on Evanca, plaintiff attaches an email that plaintiff's counsel, Leonard Kreinces, purportedly received from defendant Taip. The content of the email is as follows. On June 4, 2009, plaintiff's counsel emailed "Tommy Sabanovic" – whom counsel contends is "Taip" – and stated: "I have received no response from you since my last e-mail to you of May 7, 2009. You

---

[2] Plaintiff re-filed its January 19, 2010 letter on May 19, 2010, with the exhibit referenced therein attached.

must contact me in order to avoid an application to enter judgment against all parties. Your prompt response would be appreciated." A response from Tommy Sabanovic of A&T on June 6, 2009 states as follows: "Leonard, I will be calling you on Monday or Tuesday to discuss this matter. Thank you. Tommy Sabanovic." Plaintiff contends that this email demonstrates that the corporate defendant was given fair notice of the litigation.

For the reasons discussed below, I conclude that service on A&T was deficient. The primary purpose of the service of process rules is to give a defendant fair notice that a lawsuit has been filed against it. "The Supreme Court has recognized that actual receipt of notice is a fact to be considered in the determination of whether valid service has been made." *SoloSpar, Inc. v. Equinox Fitness Ctr., Inc.*, 1998 WL 386179, at *4 (S.D.N.Y. July 7, 1998) (citing *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). "Moreover, it is well-settled under New York Law that, where the process server 'reasonably believed' that the person served was authorized to receive service of process on behalf of defendant, plaintiff is held to have fulfilled the requirements of § 311." *Id*. (internal citation omitted).

Here, there is nothing in plaintiff's letter in response to my Order, or in the email described above, to indicate that A&T received actual notice of this particular lawsuit. A&T has failed to answer the complaint and, apart from the email, which is devoid of any specific reference relating to this particular lawsuit or the claims asserted by plaintiff in its complaint, plaintiff provides no basis upon which to conclude that the corporate defendant had notice of this lawsuit. *Cf. Kemp v. A&J Produce Corp.*, 2005 WL 5421296, at *23 (E.D.N.Y. June 7, 2005) (finding service proper where, even though the summons may not have been served on an agent authorized to accept service on behalf of the corporation, defendant had actual notice of the lawsuit evidenced by its "extensive participation" in the litigation). Accordingly, plaintiff has

not established that service on the corporate defendant was proper on the ground that it received actual notice of this lawsuit.

Even if the corporate defendant had actual notice, I would still conclude that service was insufficient. Plaintiff has not cited any authority for the proposition that actual notice is sufficient where service is made on an individual who is not authorized to accept service at a location that is not the corporation's actual place of business. Although defendant cites *Fashion Page, Ltd. v. Zurich Ins. Co.*, 50 N.Y.2d 265 (1980) in support of its position that service was proper in this case, that case is inapposite. In *Fashion Page*, the court found that service was proper where the process server delivered the summons to the corporation's actual place of business and relied on corporate employees to identify who was authorized to accept legal service on behalf of the corporation. *Fashion Page,* N.Y.2d at 273-74. Here, there is no indication that the process server attempted to ascertain the title or corporate position of Ibrahim, the individual who accepted service on behalf of the corporation. Moreover, plaintiff does not identify Ibrahim as an official or agent authorized to accept service in its letter in response to my Order. Ibrahim is also not named as a defendant in plaintiff's complaint, and the complaint does not contain any allegations concerning his role in A&T. Accordingly, there is no basis for the court to conclude that Ibrahim is even an employee of A&T, let alone one authorized to accept service. *See JCJ Marketer Corp. v. Tierra Nueva Organic, Inc.*, 2010 WL 1292713, at *2-3 (E.D.N.Y. Mar. 31, 2010) (finding service on the corporate defendant invalid under the federal rule, New York and New Jersey rules, where plaintiff did not provide any information as to "which, if any, of [the defendant's] officers or employees were served"); *Fashion Page,* N.Y.2d at 273 (noting, in dicta, that service on a receptionist, who was not an employee of the defendant, "without any inquiry [by the process server] as to whether she is a company employee," would

be insufficient to establish service on a corporation).

Finally, plaintiff does not even attempt to argue that it would have been objectively reasonable for the process server to think that either Ibrahim or Evanca were authorized to accept service given that the summons was not served at A&T's place of business. Under these circumstances, I find that plaintiffs' service on A&T was deficient. *See*, *e.g.*, *Ainbinder v. R.C.R. Contracting, Inc.*, 204 A.D.2d 582, 583 (2d Dep't 1994) (finding service on a corporation deficient where process server, "without attempting to locate a suitable individual for service, simply delivered the summons and complaint to a woman known only as Alyssa 'Doe' who did not indicate that she worked for the corporation or had any affiliation with it"); *cf. Thomas v. Dunkin Donuts, Inc.*, 2008 WL 842431, at *2 (E.D.N.Y. Mar. 28, 2008) (finding service sufficient where manager of defendant's store identified himself and stated he was authorized to accept service); *DCH Auto Group (USA), Inc. v. Fit You Best Auto., Inc.*, 2007 WL 2693848, at *4 (E.D.N.Y. Sept. 12, 2007) (finding service sufficient where individual identified himself as a corporate employee, accepted service, and signed the process server's receipt log, and also finding that the corporation had actual notice of the lawsuit).

Accordingly, I respectfully recommend that plaintiff's motion for default judgment be denied with respect to A&T for failing to effect service on the corporate defendant. Pursuant to Rule 4(m), however, I recommend that plaintiff be granted sixty days to serve A&T and to file proof of service with the Court.

B.  Liability of the Individual Defendants

I also recommend that plaintiff's motion be denied with respect to the individual defendants because the allegations of the complaint are insufficient to establish their liability.

Once found to be in default, a defendant is deemed to have admitted all of the

well-pleaded allegations in the complaint pertaining to liability. *See Greyhound Exhibitgroup, Inc., v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080, 113 S. Ct. 1049 (1993); *Montcalm Pub. Corp. v. Ryan*, 807 F. Supp. 975, 977 (S.D.N.Y. 1992). However, even after a defendant has defaulted, "[a] plaintiff must . . . establish that on the law it is entitled to the relief it seeks, given the facts as established by the default." *U.S. v. Ponte*, 246 F. Supp. 2d 74, 76 (D. Me. 2003) (citation omitted). *See also Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

Federal Rule of Civil Procedure 8 provides that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Although Rule 8 does not require a plaintiff to plead "'detailed factual allegations,'. . . . 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal v. Ashcroft*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). A sufficient pleading must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Allegations that "are no more than conclusions are not entitled to the assumption of truth." *Id.* at 1950.

Although plaintiff has alleged the elements necessary to establish the existence of a PACA trust,[3] see, e.g., Compl. ¶¶ 3-4, 8-11 and Docket Entry 7-7, plaintiff's allegations are

---

[3] "[A] PACA trust is automatically established each time a broker or merchant purchases perishable commodities upon credit . . . ." *D.M. Rothman & Co. v. Korea Comm. Bank of N.Y.*, 411 F.3d 90, 96 (2d Cir. 2005). To establish the existence of a PACA trust, the seller must demonstrate that:
> (1) the commodities sold were perishable agricultural commodities; (2) the purchaser of the perishable agricultural commodities was a commission merchant, dealer or broker; (3) the transaction occurred in interstate or foreign commerce; (4) the seller has not received full payment on the transaction; and (5) the seller preserved its trust rights by giving written notice to the purchaser of its intention to do so.

*S. Katzman Produce, Inc. v. Won*, 2009 WL 2448408, at *4 (E.D.N.Y. Aug. 7, 2009).

insufficient to impose personal liability on the individual defendants.  The Second Circuit has held that "[a]n individual who is in a *position to control the assets of the PACA trust* and fails to preserve them, may be held personally liable to the trust beneficiaries for breach of fiduciary duty."  *Coosemans Specialties, Inc. v. Gargiulo*, 485 F.3d 701, 705-06 (2d Cir. 2007) (emphasis added).

Numerous courts have held individuals strictly liable under PACA based merely on the fact that the individual was the sole shareholder, owner, officer, or director of the corporation.  *See, e.g., Felix Produce Corp. v. New Lots Food Corp.*, 2009 WL 2985444, at *2 (E.D.N.Y. Sept. 14, 2009); *John Georgallas Banana Distribs. of New York, Inc. v. N & S Tropical Produce*, Inc., 2008 WL 2788410, at *4 (E.D.N.Y. July 15, 2008); *Brigiotta's Farmland Produce & Garden Ctr., Inc. v. Przykuta*, 2006 WL 3240729, at *3-4 (W.D.N.Y. July 13, 2006).  *See also "R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 125 n.8 (2d Cir. 2008) (noting in a footnote that "cases in which an individual defendant has been subjected to PACA liability along with a corporation have involved a sole shareholder or an officer/director" and citing *Coosemans Specialties*, 485 F.3d at 706).  However, in cases involving multiple officers or shareholders, courts have been reluctant to impose individual liability absent clear uncontested allegations or proof that the individual sued was in a position to assert control over PACA transactions.  For example, in *Top Banana LLC v. Dom's Wholesale & Retail Center, Inc.*, the court declined to impose personal liability on one of the individual defendants – despite his failure to respond to plaintiff's motion for summary judgment – where, although the defendant testified that he was the corporation's "operating manager," and plaintiff produced evidence that the defendant was authorized to sign checks and transfer funds, there were material issues of fact as to whether the

defendant's "position enabled him to exercise control over the PACA trust assets." 2007 WL 2746810, at *2-3 (S.D.N.Y. Sept. 19, 2007). *See also Mikey's Choice LLC v. Fagos LLC*, 2010 WL 935550, at *2 (E.D.N.Y. Feb. 19, 2010) (declining to hold any of the three individual defendants liable based on allegations that all three were either "officers or directors . . . or [were] otherwise in a position to control the PACA trust assets"); *Paris Foods Corp. v. Foresite Foods, Inc.*, 2007 WL 568841, at *8 n.3 (N.D. Ga. Feb. 20, 2007) (noting, in dicta, that individual defendants would not be held personally liable under PACA where plaintiff merely asserted that the defendants were shareholders of the corporation without addressing whether each defendant was "actually in a position to control the PACA assets"). *But see Shepard v. K.B. Fruit & Vegetable, Inc.*, 868 F. Supp. 703, 706 (E.D. Pa. 1994) (finding individual defendants personally liable under PACA on the ground that defendants' "involvement with [the corporation] was sufficient to demonstrate 'active involvement' in the operation of the business" without regard to whether the individual defendants exercised control over the PACA trust assets).

Here, plaintiff has alleged that defendants Enver and Taip were the "principal officers, directors and shareholders of A&T and were the conscious moving force concerning the operations of that corporation." Compl. ¶ 5. Plaintiff further alleges that both individuals "directed all of the activities and operations of A&T." *Id.* ¶ 6. Plaintiff, however, does not specifically allege that each defendant was in a position to control the assets of the PACA trust and failed to preserve them. In fact, the complaint alleges that there are at least two shareholders of A&T, but does not make clear whether one, or both, or none of the individual defendants were in a position to control the PACA trust or allege any facts with respect to how the individual

defendants divided responsibility over A&T between themselves.[4]

Although the allegations of the complaint might have been sufficient when *Conley v. Gibson*, 355 U.S. 41 (1957) was good law, they simply fall short under the heightened standard required by *Iqbal*. Therefore, plaintiff's allegations with respect to the positions of the defendants, absent additional factual detail about each defendant's conduct, are insufficient to impose personal liability on the individual defendants. *See Argi Exotic Trading, Inc. v. New Man Designed Systems Ltd.*, 2008 WL 2397565, at *1-2 (E.D.N.Y. June 12, 2008) (after default, holding two individual defendants alleged to be the officers, directors and shareholders of the corporation personally liable in a PACA action, but based on allegations in the complaint – No. 07-CV-049, Docket Entry 1 ¶¶ 41-42 – explicitly alleging that both defendants were "in a position to control assets of the PACA trust"); *Consumers Produce Co. v. M&T Chirico Inc.*, 2005 WL 2420355, at *3 (W.D.N.Y. Sept. 20, 2005) (finding two individual defendants personally liable where the court found that the individuals "managed the day-to-day operations of the company and were in positions of control over PACA trust assets"). *See also "R" Best Produce, Inc.*, 540 F.3d at 125 & n.8 (assuming, but not deciding, that the district court correctly found that one of the individual defendants was personally liable in a PACA default action where the complaint alleged that the individual was "'in a position to control the assets of the PACA trust'").

The shortfall in plaintiff's complaint is mirrored in its submission in support of its motion for entry of default. Plaintiff has not submitted any evidence in support of its motion

---

[4] It appears that the individual defendants are father and son. *See* Summonses, Docket Entry 3.

demonstrating that the individual defendants were in a position to control the PACA trust assets at A&T. *See* Docket Entry 7. For example, plaintiff has not submitted canceled checks or bank records demonstrating that the individual defendants exercised control over A&T's accounts. *See H.C. Schmieding Produce Co., Inc. v. Alfa Quality Produce, Inc.*, 2008 WL 4443278, at *1 (E.D.N.Y. Sept. 26, 2008) (holding corporate president personally liable where it was undisputed that the president had actual control of the PACA assets and evidence showed that the president signed corporate checks to, *inter alia*, pay employees thereby rendering the trust funds unavailable to PACA creditors). The only evidence plaintiff submitted in support of its motion are almost three hundred invoices indicating that produce was delivered to A&T. However, the names of Enver or Taip do not appear on any of the invoices; rather, the signatures on the invoices are either illegible or are those of individuals named "Isaac" "George" "Jaime" and "Don." Docket Entry 7-7.

In sum, the complaint does not allege, and there is no evidence from which to conclude, that either of the individual defendants actually controlled the PACA trust assets. I therefore recommend that the motion for default judgment against Enver and Taip be denied. I also recommend, however, that if it chooses to do so, plaintiff be permitted to amend its complaint to address the concerns raised in this Report and to serve the amended complaint on the individual defendants.

### **Conclusion**

For the reasons stated above, I respectfully recommend that the motion for default judgment against A&T and the individual defendants be denied. Any objections to the recommendations made in this Report must be filed within fourteen days of this Report and

Recommendation and, in any event, on or before August 9, 2010. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

/s/
**STEVEN M. GOLD**
**United States Magistrate Judge**

Dated: Brooklyn, New York
July 21, 2010